Chief Justice Robertson
delivered the opinion of the court.
On the 30th of January, 1820, David C. Irvine, the then paymasler of the 7th Regiment of Kentucky militia, made a settlement with the Col. and Lieut. Colonel of the Regiment, whereby it was ascertained and admitted, that he then “held in his. hands,” for the Regiment, §398 38 cents.
On the 17th of January, 1828, the Colonel com - mandant of the 7th Regiment, drew an order in favor of Abner G. Daniel, the then paymaster of that Regiment, and addressed to the administrators of David C. Irvine, requesting them to pay to the said Daniel, the whole amount which had been admitted- by the settlement made in 1820, to be due from Irvine to the Regiment.
The order was presented to Thomas C. Howard, as one of Irvine’s administrators, and he, on the 7th of April, 1830,the day of presentation, refused either to accept or protest. Abner G. Daniel, as paymaster, then moved the county court for a judgment for §398 38 cents, and ten per cent, damages thereon, against Thomas C. Howard, Richard C. Holder and John Hart, as administrators of David C. Irvine, deceased.
Motion will personal representatives of decedant, if ponsiblí by6" jnotionrnhis life.
Paymaster has a right to retain his commission, and it must be deducted from amount charged to be doe the regiment. Interest cannot be recovered against paymaster on motion. .
On motion against several as administrators of deceased paymaster, service on one, it is error to take judgment without proof of administration.
The 45th section of the act of 1(115, 2 Dig. 903, which author-¡?esa motiop agam?t a-de--doe» * not apply to his reirresen-{jJey 1»aTee° .queney.
*126 The notice was served on .Howard only, who ap* peared and resisted the judgment; but'the county court rendered a judgment in favor of Daniel, against Howard, Holder and Hart, as the administrators of Irvine, for $340, and ten per cent, damages thereon; to reverse which judgment this appeal is prose-' cuted.
A motion could be sustained against the personal rePreser|tatives of David C. Irvine, if he, by any de-lioquency in his life time, had subjected himself to a motion; because, however strict or severe the reme-' trmy be, it'would have survived against his person,al representatives, if Irvine had rendered himself" liable to it by his own act or omission. And as a motion is a suit, a service of the notice, like that of a writ on one of several administrators, would authorize a judgment equally against all of them in their representative character.
Bul the judgment of the county court is erroneous/ in at least three particulars.
1st. The amount is excessive. A fter deducting a payment which had been made in 1825’, and six per cent, commission, which the paymaster had: a legal right to retain, as much as $340, did not remain due without charging annual interest, which is not allowable in a proceeding by motion.
2d. There was no sufficient proof that Irvine was dead, or that the appellants were bis administrators'. Howard’s silence, when the order was presented to-him, and also, in court, was not, even as against himself, sufficient to prove that he was Irvine’s administrator. But if his conduct could be interpreted as-a* tacit admission that he was administrator, it could not be evidence against Holder and Hart. As there was no pleading in writing,proof, that the appellants were the administrators, was indispensable.
3d. If the appellants be the administrators of Irvine, the motion cannot be sustained against them. The 45th section of the act of 1815,(II Dig. 903,) which prescribes a motion as the proper remedy against a delinquent paymaster, is not applicable to his representatives, excepting so far as they may be liable for his delinquency. A motion is prescribed as *127 a'remedy, and ten per cent, denounced as a penalty for the 'delinquency of the paymaster, and not for that of his representatives. If he had been guilty of no breach of his official bond, which could have subJected him to a motion and to ten per cent, penalty, his administrators are not liable to a motion,'nor responsible for any penalty. As far as they have assets, they may be re-ponsible for the amount which remained in the hands of their intestate, at his death.
a°utPeCt;-e(i jn the hands of P® dra’wn by the -Colonel for regimental Neither tie nor his representatives liable tf0ñu„ntiim°’ such order presented and notPaid.
The act of 1815, subjected the fund to orders drawn for regimental purposes by the Colonel of the Regíment. The paymaster was not liable, by his bond or otherwise, to any other than a person in whose favor such an order had been drawn. Such an order never having been presented to Irvine, he had not subjected himself to any suit for the fund in his hands, or for any portion of it. But according to any reasonable or just construction of the act of 18-1-5, the fund, whether in the-hands of the paymaster or of his administrators, must be subject to drafts by the Colonel, drawn for the use of the regiment. And therefore, if the administrators refused to honor a draft which -ought to have been .paid, they thereby rendered themselves liable to a suit for the amount which they ought to have paid, and for legal interest thereon from the date of their refusal, if a jury should think proper to allow such interest. As neither the paymaster nor his administrators could have been required to pay out any portion of the regimental fund, to any other person, than one in whose favor an order had been drawn, for rigimental purposes by the Col., neither he nor they should be held liable forinterest, -until such an order had been presented and -dishonored.
The order drawn in favor of Daniel, as paymaster» must be considered such an order as the Colonel had legal authority to draw, and such, therefore, as the administrators ought to have accepted, if thejr had assets sufficient to pay what remained unpaid, of the •regimental fund, which their intestate had acknowledged to be -in his hands. The fund, when translated to Daniel’s custody, would be secured by his official bond, and would be subject to appropriation to Regimental uses -upon regimental orders.
■ '■ '■ <>' ií-.;V‘'hy0¡»oLt .. .• -ir’iffus : >; e. accept v v the '-Monel’sor- '• '*'•
Turner and Breck,.for appellants ; 'Owsley, for ap-pellee.
The administrators may be liable for refusing to honor the draft drawn on them'in favor of Daniels but they are not liable, for their own act or omission, to tiie statutory remedy by motion, whmh has been Prescnl,e<* as‘the remedy I or the delinquency-of the paymaster himself. Their-liability can beenfoycecl by a common law suit oi'iy.
Jvid.>mont reversed, and cause remanded with irt-struchons to dismiss the motion.